UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| INTERNATIONAL RADIO CONTROL HELICOPTER ASSOCIATION, INC., and IRCHA, INC., | )<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) Case No. 1:20-cv-02082-TWP-TAB<br>) |
| CHARLES ANDERSON, | )<br>) |
| Defendant. | ) |

**ENTRY DENYING DEFENDANT'S MOTION TO DISMISS**

This matter is before the Court on a Motion to Dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(2) by Defendant Charles Anderson ("Anderson") (Filing No. 9). Plaintiffs International Radio Control Helicopter Association, Inc. ("IRCHA I") and IRCHA, Inc. ("IRCHA II") (collectively, "IRCHA") initiated this action, alleging claims for "breach of fiduciary duty," "theft and conversion," and "accounting" (Filing No. 1 at 4–6). Anderson, *pro se*, moved to dismiss IRCHA's Complaint based on a lack of personal jurisdiction (Filing No. 9). For the following reasons, the Motion to Dismiss is **denied**.

### I. BACKGROUND

The following facts are not necessarily objectively true but, as required when reviewing a motion to dismiss, the Court accepts as true all factual allegations in the Complaint and draws all inferences in favor of IRCHA as the non-moving parties. *See Bielanski v. County of Kane*, 550 F.3d 632, 633 (7th Cir. 2008).

Indiana-based non-profit IRCHA was created in 1989 as a representative body for model radio-controlled helicopter enthusiasts (Filing No. 1 at 2). Specifically, "IRCHA works to promote

the continued growth of radio-controlled helicopters through education, representation, service, and special events." *Id.* Anderson, a Tennessee citizen, was involved with IRCHA for many years and served as IRCHA I's "long-time Vice President." *Id.* In fact, he "was one of the original incorporators" of the organization in Indiana. *Id.* After IRCHA I was administratively dissolved in 2013 (because of records issues with the Indiana Secretary of State), the organization continued to operate as a non-profit entity. *Id.* In May 2019, Anderson filed new Articles of Incorporation for IRCHA II with the state. *Id.* These Articles listed Anderson as IRCHA II's President, and largely tracked the provisions followed by IRCHA I. *Id.* Under these bylaws, any revenue IRCHA generated though its popular annual Jamboree would go toward covering costs for the event, with any residual funds donated to the Academy of Model Aeronautics. *Id.* at 2–3.

In 2019, IRCHA's Board of Directors and other officers became suspicious of Anderson's management of the organization's finances. *Id.* at 3. On or about July 20, 2019, the Board of Directors called an emergency meeting and ultimately passed a resolution to remove Anderson as President. *Id.* In response to this resolution, Anderson resigned from the position. *Id.* Following this resignation, the Board of Directors launched a formal investigation into the potential misuse of organizational funds. *Id.* This investigation revealed that between 2017 and 2019, Anderson misappropriated company funds and property by, for example, opening a bank account in the organization's name and using concealed funds (totaling over $70,000.00) for his own personal gain and taking, among other things, two generators, a printer, a laminating machine, a computer, a Segway vehicle, an electric bike, and eight model helicopters from the non-profit. *Id.* at 3–4. Though IRCHA has demanded a return of the money and property, Anderson has failed to do so. *Id.* at 4.

On August 7, 2020, IRCHA filed suit in this Court, *see id.* at 1, followed by Anderson moving to dismiss the action for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2) on September 14, 2020, ([Filing No. 9](#)).

## II.   LEGAL STANDARD

Rule 12(b)(2) of the Federal Rules of Civil Procedure requires dismissal of a claim where personal jurisdiction is lacking. When a defendant moves to dismiss under Rule 12(b)(2), the plaintiff bears the burden of demonstrating the existence of jurisdiction. *Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003); *RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272, 1276 (7th Cir. 1997); *Wine & Canvas Dev., LLC v. Weisser*, 886 F. Supp. 2d 930, 937 (S.D. Ind. 2012).

When the court determines personal jurisdiction based only on reference to submissions of written materials, rather than based on evidence submitted at a hearing, a plaintiff simply needs to make a *prima facie* case of personal jurisdiction. *Purdue*, 338 F.3d at 782; *Wine & Canvas*, 886 F. Supp. 2d at 937. In determining whether the plaintiff, as the nonmoving party, has met this standard, the court will resolve all disputed relevant facts in his or her favor. *uBID, Inc. v. GoDaddy Grp., Inc.*, 623 F.3d 421, 423–24 (7th Cir. 2010); *Wine & Canvas*, 886 F. Supp. 2d at 938. The court may consider affidavits and all other documentary evidence that have been filed, but again, any conflicts must be viewed in favor of the non-moving party. *Int'l Med. Grp., Inc. v. Am. Arbitration Ass'n*, 149 F. Supp. 2d 615, 623 (S.D. Ind. 2001).

A federal court's personal jurisdiction over a non-resident defendant in a diversity case is established when the defendant is subject to the jurisdiction of a court of general jurisdiction in the state where the court is located. Fed. R. Civ. P. 4(k)(1)(A); *NEXTT Sols., LLC v. XOS Techs., Inc.*, 71 F. Supp. 3d 857, 860 (N.D. Ind. 2014). A district court must undertake a two-step analysis to

determine whether this defendant is subject to its jurisdiction. *Wine & Canvas*, 886 F. Supp. 2d at 938.  First, the exercise of personal jurisdiction must meet the terms of the state's long-arm statute; second, the exercise must comport with the due process clause of the Constitution.  *Purdue*, 338 F.3d at 779. But because Indiana's long-arm statute—Indiana Trial Rule 4.4(A)—reduces the analysis of personal jurisdiction to the issue of whether the exercise of personal jurisdiction is consistent with federal due process, the court need only consider the second step of the analysis.  *NEXTT*, 71 F. Supp. 3d at 860; *LinkAmerica Corp. v. Albert*, 857 N.E.2d 961, 967 (Ind. 2006).

Due process requires that a defendant have "certain minimum contacts with [the forum State] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945); *RAR*, 107 F.3d at 1276.  These minimum contacts must have a basis in "some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985).  This purposeful availment is required to ensure that defendants may reasonably anticipate what conduct will subject them to the jurisdiction of a foreign sovereign.  *Id.* at 474.

Personal jurisdiction may be either general or specific.  *Wilson v. Humphreys (Cayman) Ltd.*, 916 F.2d 1239, 1244 (7th Cir. 1990).  General jurisdiction exists for controversies neither arising out of nor related to the defendant's forum contacts, and it is permitted only where the defendant has "continuous and systematic" general business contacts with the forum.  *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 415–16 n.8 (1984); *RAR*, 107 F.3d at 1277.  On the other hand, specific jurisdiction exists for controversies that arise out of or are related to the defendant's forum contacts.  *Helicopteros*, 466 U.S. at 414 n.8; *RAR*, 107 F.3d at 1277; *Wine

*& Canvas*, 886 F. Supp. 2d at 939.  Specific jurisdiction is proper when the controversy arises or is related to the contacts with the forum state that the defendant has purposely engaged in.  *See Helicopteros*, 466 U.S. at 414 n.8.  For a defendant to be submitted to the personal jurisdiction of a forum, he or she must have exploited or targeted the forum purposefully.  *See Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc.*, 751 F.3d 796, 802 (7th Cir. 2014).  In other words, "[s]pecific personal jurisdiction is appropriate where (1) the defendant has purposefully directed his activities at the forum state or purposefully availed himself of the privilege of conducting business in that state, [ ] (2) the alleged injury arises out of the defendant's forum-related activities," and (3) its exercise comports "with traditional notions of fair play and substantial justice as required by the Fourteenth Amendment's Due Process Clause." *Tamburo v. Dworkin*, 601 F.3d 693, 702 (7th Cir. 2010) (citations omitted); *see also Curry v. Revolution Lab'ys, LLC*, 949 F.3d 385, 398 (7th Cir. 2020).

### III.  DISCUSSION

Following pages of caselaw recitation, Anderson contends this Court does not have personal jurisdiction over him because (1) he "does not have continuous and systematic general business contacts with the State of Indiana," (2) he "did not take any action or cause any injury within the state of Indiana to establish a contact or connection in Indiana," (3) he "does not have any meaningful contacts in the State of Indiana," (4) he "did not invoke any contacts or connections with the State of Indiana," (5) he "does not own any property in Indiana and has never lived in Indiana," (6) he "has not created a substantial connection with Indiana," and (7) his "affiliations with Indiana are not continuous and systematic and he is not at home in Indiana." (Filing No. 10 at 5–6) (citing Filing No. 10-1).

In response, IRCHA argues that the Court holds specific personal jurisdiction over Anderson because he purposely directed activities at Indiana, injury arose out of his forum-related activities, and exercise of jurisdiction does not offend traditional notions of fair play and substantial justice ([Filing No. 12 at 3](Filing No. 12 at 3)).  First, IRCHA contends that Anderson intentionally aimed conduct at Indiana that he knew would result in harm there when he purposefully "took and misused [IRCHA] property and funds for his own personal benefit," he was one of IRCHA's founding incorporators, he was a "long-time Vice-President," he attended meetings and events in Indiana, he filed "Articles of Incorporation for IRCHA II with the Indiana Secretary of State," he opened a bank account for the organization, he listed himself as its "President with the Indiana Secretary of State," and "Indiana is the only state in which IRCHA has suffered injury." *Id.* at 4–5.  Second, IRCHA maintains that the injury arises from forum-related activities when Anderson had long-term contacts with Indiana: "he was involved with IRCHA at the Board level for years, he filed the Articles of Incorporation listing himself as President with the Indiana Secretary of State, and his intentional acts . . . caused injuries in Indiana." *Id.* at 6.  Finally, any exercise of personal jurisdiction would not violate traditional notions of fair play and substantial justice when "Anderson will not be burdened by litigating this action in this [Court]" (the process will mostly "take[] place over the phone, email, mail, and Zoom-like software"), "the majority of witnesses, other than Anderson himself, are not located in his home state of Tennessee" (and "it was clearly possible for Defendant to travel to Indiana to attend the various IRCHA meetings, events, and conventions without difficulty"), and "IRCHA has a strong interest in obtaining relief in its home state where it suffered its injuries" with the State of Indiana having a similar "interest in providing Indiana companies a forum in which to seek relief." *Id.* at 7.

The Court agrees with IRCHA: specific personal jurisdiction exists over Anderson in this case. First, "[t]he essential point of the [minimum contacts] inquiry is to ensure that an out-of-state defendant is not bound to appear to account for merely random, fortuitous, or attenuated contacts with the forum state." *Curry*, 949 F.3d at 398 (cleaned up). Anderson's contacts with Indiana were anything but chance. He was intimately involved in the management of the Indiana-based IRCHA for many years and knew that any intentionally tortious acts would be felt in the state (he helped incorporate IRCHA in Indiana, after all) (*see* Filing No. 1 at 2 ("Anderson was a long-time Vice President of IRCHA I, and according to the Indiana Secretary of State, was one of the original incorporators when the organization first registered to conduct business in Indiana.")). Second, the contacts must be suit-related with a "connection between the forum and the specific claims at issue." *Bristol-Myers Squibb Co. v. Superior Ct. of California, San Francisco Cty.*, 137 S. Ct. 1773, 1781 (2017). Anderson's contacts with Indiana were wholly connected to the claims at issue—the breach of fiduciary duty and theft and conversion counts stem directly from his purportedly rapacious stewardship of the Hoosier non-profit's funds (*see* Filing No. 1 at 3 ("Anderson," for example, "opened a separate bank account in the organization's name . . . [and] would use those IRCHA funds for his own personal gain.")).

Finally, evaluating traditional notions of fair play and substantial justice requires the Court to examine "the burden on the defendant, the forum State's interest in adjudicating the dispute, the plaintiff's interest in obtaining convenient and effective relief, the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and the shared interest of the several States in furthering fundamental substantive social policies." *Burger King*, 471 U.S. at 477 (quotations omitted). As IRCHA persuasively explains, Anderson's prior considerable conduct in Indiana demonstrates the light burden he shoulders in litigating the case in this Court, and Indiana

and IRCHA both share a significant interest in the case's resolution in this tribunal. Though Anderson may take exception to some of IRCHA's assertions (*compare* Filing No. 11 ("I am providing this Declaration . . . to demonstrate the factual misstatements made by Anderson in his Affidavit."), *with* Filing No. 14 ("I did not provide any factual misstatements in my prior affidavit."), the Court must resolve all conflicts in IRCHA's favor. *See Int'l Med. Grp.*, 149 F. Supp. 2d at 623. Doing so, the Court finds that IRCHA has satisfied its burden of making a *prima facie* showing that the Court can and should properly exercise personal jurisdiction over Anderson. Therefore, Anderson's Motion to Dismiss is **denied** (Filing No. 9).

## IV. CONCLUSION

For the reasons explained above, the Court **DENIES** Anderson's Motion to Dismiss (Filing No. 9).

**SO ORDERED.**

Date: 4/19/2021

DISTRIBUTION:

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Charles Anderson
8645 Belleau Woods Drive
Chattanooga, Tennessee  37421

Alexandra Jeanne Blackwell
JESELSKIS BRINKERHOFF AND JOSEPH LLC
ablackwell@jbjlegal.com

William J. Brinkerhoff
JESELSKIS BRINKERHOFF AND JOSEPH LLC
bjbrinkerhoff@jbjlegal.com

MacKenzie Adair Johnson
JESELSKIS BRINKERHOFF AND JOSEPH LLC
mjohnson@jbjlegal.com