UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| INTERNATIONAL RADIO CONTROL ) | |
| HELICOPTER ASSOCIATION, INC., ) | |
| and IRCHA, INC., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 1:20-cv-02082-TWP-TAB |
| ) | |
| CHARLES ANDERSON, ) | |
| ) | |
| Defendant. ) | |

**ORDER ON DEFENDANT'S MOTION TO JOIN ADDITIONAL PARTIES OR DISMISS**

This matter is before the Court on *pro se* Defendant Charles Anderson's ("Anderson") Motion to Join Additional Parties or Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(7). (Filing No. 33.) Defendants International Radio Control Helicopter Association, Inc. and IRCHA, Inc. (collectively, "Plaintiffs") initiated this action against Anderson after an investigation into IRCHA's management revealed irregularities with the organization's finances. Plaintiffs allege that Anderson committed the following: breach of fiduciary duty (Count I) and theft and conversion (Count II). (Filing No. 1.) Plaintiffs also seek an accounting from Anderson (Count III). *Id.* Anderson seeks to join additional parties as defendants in the case, or in the alternative that the action be dismissed. For the following reasons, Anderson's Motion **denied**.

## I.  BACKGROUND

The following facts are not necessarily objectively true, but as required when reviewing a motion to dismiss, the Court accepts as true all factual allegations in the complaint and draws all inferences in favor of Plaintiffs as the non-moving party. *See Bielanski v. County of Kane*, 550 F.3d 632, 633 (7th Cir. 2008).

IRCHA was created in 1989 as the representative body for helicopter pilots and "works to promote the continued growth of radio-controlled helicopters through education, representation, service, and special events. (Filing No. 1 at 2.) Anderson originally served as a vice president of IRCHA, but eventually became president. *Id.* IRCHA generated revenue through various methods, including events and its annual Jamboree, its most popular event among members and benefactors. *Id.* at 2-3. After all its expenses were paid, IRCHA was required, according to its by-laws, to donate excess funds to the Academy of Model Aeronautics. *Id.* at 3.

In 2019, the IRCHA Board of Directors (the "Board") and other organizational officers became concerned that Anderson was mismanaging IRCHA's finances. *Id.* An emergency meeting of the Board was held on July 20, 2019. *Id.* At the meeting, the Board passed a formal resolution to remove Anderson from his position as president. *Id.* Anderson formally resigned after the meeting. *Id.* Following Anderson's resignation, the Board conducted a formal investigation into IRCHA's finances and determined that Anderson had misappropriate company funds in the amount of $70,000.00, as well as several pieces of property belonging to the organization. *Id.*

Plaintiffs filed an complaint against Anderson on August 7, 2020. (Filing No. 1.) Anderson responded to the complaint by filing a Motion to Dismiss for Lack of Personal Jurisdiction on September 14, 2020. (Filing No. 9.) The Court denied Anderson's Motion on April 19, 2021. (Filing No. 23.) Anderson filed his Answer and Counterclaim on May 7, 2021. (Filing No. 25.) On June 11, 2021, Anderson filed his Motion to Join Additional Parties or Dismiss. (Filing No. 33.)

## II.     LEGAL STANDARD

Though Anderson does not characterize it as such, he brings his motion under Federal Rule of Civil Procedure 12(b)(7). A motion under Federal Rule of Civil Procedure 12(b)(7) seeks dismissal based on the failure to join a necessary party as required by Rule 19. Under Rule 19, an

entity is a required party to an action if the court could not accord complete relief in that entity's absence. Fed. R. Civ. P. 19(a)(1)(A). Alternatively, an entity must be joined under Rule 19 if it claims an interest related to the subject matter of an action and "is so situated that disposing of the action in the person's absence may . . . impair or impede the person's ability to protect the interest; or . . . leave an existing party subject to a substantial risk incurring double, multiple, or otherwise inconsistent obligations because of the interest." Fed. R. Civ. P. 19(a)(1)(B). A Rule 12(b)(7) motion to dismiss requires the court to accept the allegations in the complaint as true, but the court may consider extrinsic evidence beyond the pleadings. *Davis Cos. V. Emerald Casino, Inc.*, 268 F.3d 477, 480 n. 4 (7th Cir. 2001). On a Rule 12(b)(7) motion, the movant bears the burden of demonstrating that the absent party is a necessary and indispensable party that must be joined. *NanoeXa Corp. v. Univ. of Chi.*, No. 10 C 7177, 2011 WL 4729797, at *1 (N.D. Ill. April. 13, 2011). Additionally, the Seventh Circuit has cautioned that dismissal for failure to join a party "is not the preferred outcome under the Rules." *Askew v. Sheriff of Cook Cty*, 568 F.3d 632, 634 (7th Cir. 2009).

### III.   DISCUSSION

Analysis of a Rule 12(b)(7) motion usually proceeds in two steps. First, the Court must determine whether a party is one that should be joined, if feasible under Rule 19(a). *Askew*, 568 F.3d at 635; *Davis Cos.*, 268 F.3d at 481 (citing *Thomas v. United States*, 189 F.3d 662, 667 (7th Cir. 1999). Second, if the Court determines that the party should be joined but cannot be for jurisdictional reasons, then the Court must determine whether the party is indispensable. *Id.* In this case, however, the Court is unable to move beyond the first step.

In his motion, Anderson argues that the following individuals should be joined as indispensable parties: Tim DiPeri, Wes Menear, Dan Lucente, Nikki Lucente, and Craig Bradley,

3

committed a civil conspiracy and breached their duties as members and officers of IRCHS. ([Filing No. 33 at 1](#).) In his four-page brief, Anderson first lists various, unsupported factual allegations against these individuals. *Id.* at 1-2. These allegations include, among other things, civil conspiracy, access to bank accounts and financial records, and using IRCHA funds for personal purchases and expenses. *Id.* Anderson then spends the remainder of his brief listing the text of Federal Rule of Civil Procedure 19. *Id.* at 2-3.

The Court has not been provided with enough information to determine whether these individuals are necessary and indispensable parties. Anderson presents no legal analysis or argument, does not cite to or discuss any case law, and provided no discussion applying the legal elements of Rule 19 to this case. As Plaintiffs point out in their response brief, Anderson has failed to demonstrate to the Court why these individuals need to be joined, much less connect his factual allegations against these individuals to the claims Plaintiffs' have asserted against Anderson.

As the Seventh Circuit advises, a pro se litigant, like Anderson, "can be excused from full compliance with technical procedural rules provided there is substantial compliance." *Norfleet v. Walker*, 684 F.3d 688, 691 (7th Cir. 2021). The Court, however, "cannot make a party's arguments for him . . . ." *Dynegy Mktg. & Trade v. Multiut Corp.*, 648 F.3d 506, 523 (7th Cir. 2011) (internal citation omitted). Further, as the Seventh Circuit has explained numerous times, "perfunctory and undeveloped arguments, and arguments that are unsupported by pertinent authority, are waived." *Clay v. Holy Cross Hosp.*, 253 F.3d 1000, 1002 n.1 (7th Cir. 2001).

Because Anderson has failed to present any legal analysis or argument regarding why these five individuals are necessary and indispensable parties that must be joined, his Motion to Join Additional Parties or Dismiss is **denied**.

## IV. CONCLUSION

For the reasons stated above, Charles Anderson's Motion to Join Additional Parties or Dismiss ([Filing No. 33](#)) is **DENIED**.

**SO ORDERED.**

Date: 10/29/2021

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

CHARLES ANDERSON
8645 Belleau Woods Drive
Chattanooga, TN 37421

Alexandra Jeanne Blackwell
JESELSKIS BRINKERHOFF AND JOSEPH LLC
ablackwell@jbjlegal.com

William J. Brinkerhoff
JESELSKIS BRINKERHOFF AND JOSEPH LLC
bjbrinkerhoff@jbjlegal.com

MacKenzie Adair Johnson
JESELSKIS BRINKERHOFF AND JOSEPH LLC
mjohnson@jbjlegal.com