UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| INTERNATIONAL RADIO CONTROL HELICOPTER ASSOCIATION, INC., IRCHA, INC., | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) Case No. 1:20-cv-02082-TWP-TAB |
| CHARLES ANDERSON, | ) ) ) |
| Defendant. | ) |

**ENTRY DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

This matter is before the Court on a Motion for Summary Judgment filed pursuant to Federal Rule of Civil Procedure 56 by *pro se* Defendant Charles Anderson ("Anderson") (Filing No. 57). Plaintiffs International Radio Control Helicopter Association, Inc. ("IRCHA I") and IRCHA, Inc. ("IRCHA II") (collectively, "IRCHA") initiated this action, alleging "breach of fiduciary duty," "theft and conversion," and "accounting." (Filing No. 1 at 4–6.) Also pending is IRCHA's Motion for Leave to file Surreply. (Filing No. 84). For the following reasons, summary judgment is **denied,** and the request for leave to file a surreply is **granted**.

## I.   BACKGROUND

The following facts are not necessarily objectively true, but as required by Federal Rule of Civil Procedure 56, the facts are presented in the light most favorable to IRCHA as the non-moving parties. *See Zerante v. DeLuca*, 555 F.3d 582, 584 (7th Cir. 2009); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

Indiana-based non-profit IRCHA was created in 1989 as a representative body for model radio-controlled helicopter enthusiasts. (Filing No. 1 at 2.) Specifically, "IRCHA works to promote

1

the continued growth of radio-controlled helicopters through education, representation, service, and special events." *Id.* Anderson, a Tennessee citizen, was involved with IRCHA for many years and served as IRCHA I's "long-time Vice President." *Id.* In fact, he "was one of the original incorporators" of the organization in Indiana. *Id.* After IRCHA I was administratively dissolved in 2013 (because of records issues with the Indiana Secretary of State), the organization continued to operate as a non-profit entity. *Id.* In May 2019, Anderson filed new Articles of Incorporation for IRCHA II with the state. *Id.* These Articles listed Anderson as IRCHA II's President and largely tracked the provisions followed by IRCHA I. *Id.* Under these bylaws, any revenue IRCHA generated through its popular annual Jamboree would go toward covering costs for the event, with any residual funds donated to the Academy of Model Aeronautics. *Id.* at 2–3.

In 2019, IRCHA's Board of Directors and other officers became suspicious of Anderson's management of the organization's finances. *Id.* at 3. On or about July 20, 2019, the Board of Directors called an emergency meeting and ultimately passed a resolution to remove Anderson as President. *Id.* In response to this resolution, Anderson resigned from the position. *Id.* Following this resignation, the Board of Directors launched a formal investigation into the potential misuse of organizational funds. *Id.* This investigation revealed that between 2017 and 2019, Anderson misappropriated company funds and property by, for example, opening a bank account in the organization's name and using concealed funds (totaling over $70,000.00) for his own personal gain and stealing, among other things, two generators, a printer, a laminating machine, a computer, a Segway vehicle, an electric bike, and eight model helicopters from the non-profit. *Id.* at 3–4. At no point in time was any person other than Anderson a signatory of the IRCHA II Bank of America Checking Account. Though IRCHA has demanded a return of the money and property, Anderson has failed to do so. *Id.* at 4.

On August 7, 2020, IRCHA filed suit in this Court. *See id.* at 1. Anderson moved for summary judgment pursuant to Federal Rule of Civil Procedure 56 on September 13, 2021. ([Filing No. 57](#).)

## II.    LEGAL STANDARD

The purpose of summary judgment is to "pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Federal Rule of Civil Procedure 56 provides that summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Hemsworth v. Quotesmith.com, Inc.*, 476 F.3d 487, 489–90 (7th Cir. 2007). In ruling on a motion for summary judgment, the court reviews "the record in the light most favorable to the non-moving party and draw[s] all reasonable inferences in that party's favor." *Zerante*, 555 F.3d at 584 (citation omitted). "However, inferences that are supported by only speculation or conjecture will not defeat a summary judgment motion." *Dorsey v. Morgan Stanley*, 507 F.3d 624, 627 (7th Cir. 2007) (citation and quotation marks omitted). Additionally, "[a] party who bears the burden of proof on a particular issue may not rest on its pleadings, but must affirmatively demonstrate, by specific factual allegations, that there is a genuine issue of material fact that requires trial." *Hemsworth*, 476 F.3d at 490 (citation omitted). "The opposing party cannot meet this burden with conclusory statements or speculation but only with appropriate citations to relevant admissible evidence." *Sink v. Knox County Hosp.*, 900 F. Supp. 1065, 1072 (S.D. Ind. 1995) (citations omitted).

"In much the same way that a court is not required to scour the record in search of evidence to defeat a motion for summary judgment, nor is it permitted to conduct a paper trial on the merits

3

of [the] claim." *Ritchie v. Glidden Co.*, 242 F.3d 713, 723 (7th Cir. 2001) (citations and quotation marks omitted). "[N]either the mere existence of some alleged factual dispute between the parties nor the existence of some metaphysical doubt as to the material facts is sufficient to defeat a motion for summary judgment." *Chiaramonte v. Fashion Bed Grp., Inc.*, 129 F.3d 391, 395 (7th Cir. 1997) (citations and quotation marks omitted).

### III. DISCUSSION

Anderson's Motion makes two arguments in support of his request for summary judgment. First, he argues that Plaintiffs do not have the capacity to sue him as IRCHA I was administratively dissolved in 2013. Second, Anderson alleges that IRCHA cannot establish that he committed theft, conversion, or breached a fiduciary duty. IRCHA argues there are issues of material fact in dispute which preclude a summary judgment. The Court will first address ICHA's request for leave to file a surreply, and then will turn to the substantive Motion.

#### A. **Plaintiffs' Motion for Leave to File Surreply**

IRCHA alleges that Anderson's Reply contained new evidence, including twenty-seven additional statements of material facts not in dispute, three cases not previously cited, and six new documents. (Filing No. 84-1 at 2). "The purpose for having a motion, response and reply is to give the movant the final opportunity to be heard and to rebut the non-movant's response, thereby persuading the court that the movant is entitled to the relief request by the motion." *Lady Di's Inc. v. Enhanced Servs. Billing, Inc.*, No. 1:09-cv-0340-SEB-DML, 2010 WL 1258052, at *2 (S.D. Ind. Mar. 25, 2010) (quotation omitted). But "new arguments and evidence may not be raised for the first time in a reply brief. Reply briefs are for replying, not raising new arguments or arguments that could have been advanced in the opening brief." *Reis v. Robbins*, 4:14-cv-00063-RLY-TA, 2015 WL 846526, at *2 (S.D. Ind. Feb. 26, 2015) (quotation omitted). Courts allow a surreply only

in limited circumstances to address new arguments or evidence raised in the reply brief or objection to the admissibility of evidence cited in the response. *See, e.g., id.*

The Court agrees with IRCHA's that much of the evidence in the reply relates to a bank account at First Merchants Bank and Wes Minear's involvement with this account. Not only is this evidence potentially irrelevant, but it also amounts to "new evidence" and meets the standard permitting a surreply. Accordingly, IRCHA's motion is **granted** and the Court will consider its surreply.

**B.   Defendant's Motion for Summary Judgment**

    **1.   IRCHA I's Capacity to Sue**

Anderson seeks judgment as a matter of law because IRCHA I lacks the capacity to sue him since it ceased to exist after being administratively dissolved on October 16, 2013. ([Filing No. 58 at 5](#).) IRCHA counters, contending that IRCHA I continued to operate from 2013 to 2019 as though it was never dissolved because it operated and hosted the IRCHA Jamboree each year. ([Filing No. 74-1 at 5](#).), IRCHA contends that IRCHA I and IRCHA II are indistinguishable because they "run the same programs, have the same vendors, and have the same mission." *Id.* IRCHA has designated evidence to show that Anderson "continued to enjoy the benefits of IRCHA, serve on the board, and access IRCHA bank accounts between the time IRCHA I was administratively dissolved and IRCHA II was incorporated." *Id.* at 6. Thus, IRCHA argues that IRCHA I has capacity to sue notwithstanding its administrative dissolution. *Id.* at 5.

A corporation's capacity to sue or be sued is determined by the law under which it was organized. Fed. R. Civ. P. 17(b)(2). Thus, the Court will turn to Indiana law to determine whether IRCHA I has the capacity to sue. Under Indiana Code § 23-0.5-6-2(c), a "domestic filing entity that is dissolved administratively continues its existence as the same type of entity but may not

carry on any activities except: (1) to apply for reinstatement under section 3 of this chapter; or (2) as necessary to wind up its activities and affairs and liquidate its assets[.]" Section 23-0.5-6-2(c)(2)(B)(ii) then directs to § 23-17-22-5 to determine the manner in which a nonprofit organization is to wind up its activities and affairs. Important to this case, § 23-17-22-5(b)(4) states that dissolution of a corporation does not "[p]revent commencement of a proceeding by or against the corporation in the corporation's corporate name."

Although Anderson cites to several cases interpreting the effects of corporate dissolution on an organization's capacity to sue or be sued, none of the cited cases are dispositive.[1] Further, Anderson's references to cases involving the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA") are ineffective because CERCLA is not applicable to this case. Because IRCHA I's existence continued beyond its administrative dissolution and it retains the capacity to sue and be sued, Anderson's Motion for Summary Judgment on this matter is **denied**.

### 2. **Evidence of Anderson Committing Theft, Conversion, or Breaching his Fiduciary Duty.**

Anderson next argues that he is entitled to summary judgment because the "plaintiffs have failed to meet their burden to provide any evidence of any improper transactions." (Filing No. 79 at 17.) More specifically, Anderson asserts that IRCHA cannot establish that he breached a fiduciary duty or committed theft and conversion because "[p]laintiffs cannot provide proof of purchase, the amount of the purchase, how assets were purchased, or who has the item in their

---

[1] Anderson also contends that if IRCHA I continued to exist after its dissolution, its existence only continued for a two-year wind-up period. Anderson correctly notes that Indiana Code § 23-0.5-6-3 imparts a timing restriction on dissolved corporations seeking reinstatement. This argument, however, is misplaced because IRCHA I is not seeking reinstatement. Also, § 23-17-22-7 imposes a two-year statute of limitations for claimants seeking to enforce a claim against a dissolved corporation. Again, Anderson's argument is misguided because this is not a suit by a claimant attempting to commence a proceeding to enforce a claim against a dissolved corporation.

possession currently that they claim is owned by them." (Filing No. 58 at 13.) Lastly, Anderson contends that Dave Millner, Craig Bradley, and Shannon Lloyd agreed that Anderson would open the Bank of America account. (Filing No. 79 at 5.)

In response, IRCHA contends that genuine issues of material fact exist regarding (1) who knew about the Bank of America account; and (2) the purchases made with the Bank of America account. (Filing No. 74-1 at 9.) Additionally, IRCHA argues that summary judgment is improper because Anderson "has not shown that he did not use IRCHA funds for his own personal gain," and "cannot submit any evidence or testimony showing that the alleged improper transactions were made on behalf of Plaintiffs." *Id.*

During his deposition, Anderson repeatedly testified that he could not recall any purchase he ever made using IRCHA funds. (*See* Filing No. 76-1 at 63–77.) IRCHA argues that instead of resolving any genuine issue of material fact surrounding the purchases made with the Bank of America account, Anderson's deposition answers generated further uncertainty regarding these purchases. As IRCHA correctly notes, Anderson's "own deposition has created even more questions of material fact" surrounding his alleged misappropriations. (Filing No. 74-1 at 9.) Furthermore, Anderson has not designated any evidence that the transactions were made on behalf of IRCHA and not for his personal gain. Therefore, Anderson, as the moving party, has failed to show that no genuine issue of material fact exists regarding the allegations of breach of fiduciary duty, theft, and conversion. As a result, he is not entitled to summary judgment, and his Motion for Summary Judgment is **denied**.

## IV.   CONCLUSION

For the preceding reasons, the Court **GRANTS** the Plaintiffs' Motion for Leave to File Surreply in Opposition to Defendant's Reply in Support of Defendant's Motion for Summary

Judgment (Filing No. 84) and **DENIES** the Defendant's Motion for Summary Judgment. (Filing No. 57.)

This matter is scheduled for final pretrial conference on April 27, 2022 and trial on May 23, 2022. The parties are instructed to contact the Magistrate Judge to schedule a settlement conference prior to the April 27, 2022 final pretrial conference.

**SO ORDERED.**

Date: 4/6/2022

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

CHARLES ANDERSON
8645 Belleau Woods Drive
Chattanooga, TN 37421

Alexandra Jeanne Blackwell
JESELSKIS BRINKERHOFF AND JOSEPH LLC
ablackwell@jbjlegal.com

William J. Brinkerhoff
JESELSKIS BRINKERHOFF AND JOSEPH LLC
bjbrinkerhoff@jbjlegal.com

MacKenzie Adair Johnson
JESELSKIS BRINKERHOFF AND JOSEPH LLC
mjohnson@jbjlegal.com