UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| INTERNATIONAL RADIO CONTROL HELICOPTER ASSOCIATION, INC., IRCHA, INC., )<br>)<br>)<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>CHARLES ANDERSON, )<br>)<br>Defendant. ) | No. 1:20-cv-02082-TWP-TAB |

**ORDER ON DEFENDANT'S MOTIONS *IN LIMINE***

This matter is before the Court on three motions *in limine* filed by Defendant Charles Anderson ("Anderson") (Filing No. 122; Filing No. 124; Filing No. 127). Plaintiffs International Radio Control Helicopter Association, Inc. and IRCHA, Inc. (collectively, "IRCHA") initiated this action, alleging claims for breach of fiduciary duty, theft and conversion, and seeking an accounting. In anticipation of trial, Anderson seeks to have the Court issue preliminary rulings on various evidentiary issues. For the following reasons, Anderson's Motions *in Limine* are **denied**.

**I.     LEGAL STANDARD**

District courts maintain "broad discretion in ruling on evidentiary questions during trial or before on motions in limine." *Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002). "Motions *in limine* are well-established devices that streamline trials and settle evidentiary disputes in advance, so that trials are not interrupted mid-course for the consideration of lengthy and complex evidentiary issues." *United States v. Tokash*, 282 F.3d 962, 968 (7th Cir. 2002).

The court excludes evidence on a motion *in limine* only if the evidence clearly is not admissible for any purpose. *Hawthorne Partners v. AT&T Technologies, Inc.*, 831 F. Supp. 1398,

1

1400 (N.D. Ill. 1993). Unless evidence meets this exacting standard, evidentiary rulings must be deferred until trial so questions of foundation, relevancy, and prejudice may be resolved in context. *Id.* at 1400–01. However, motion in limine are not as important in a bench trial as these types of concerns are lessened without the presence of a jury. *See United States v. Shukri*, 207 F.3d 412, 419 (7th Cir. 2000) ("In a bench trial, we assume that the district court was not influenced by evidence improperly brought before it unless there is evidence to the contrary.").

Moreover, denial of a motion *in limine* does not necessarily mean that all evidence contemplated by the motion is admissible; rather, it only means the court is unable to determine, before trial, whether the evidence should be excluded. *Id.* at 1401. During trial, however, the presiding judge "is free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling." *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984).

## II.  DISCUSSION

Anderson's first motion *in limine* seeks to exclude several allegedly stolen items from being used by IRCHA in their damages calculation. (Filing No. 122 at 1.) These items include two (2) Ryobi 2,200-watt generators; a color printer and related supplies; a laminating machine and related supplies; a laptop computer; a Segway vehicle; an electric bike; and eight (8) Blade 70-S Helicopters. *Id.* Anderson argues that these items should be excluded because IRCHA has provided no proof that these items were ever IRCHA's property. *Id.* at 2.

Anderson's second motion *in limine* seeks to exclude any alleged damages from 2016. (Filing No. 124 at 1.) Anderson argues that while IRCHA did allege years 2017, 2018, and 2019 in their pleadings and filings, IRCHA never attempted to allege that any damages came from 2016. *Id.* at 2.

Finally, Anderson's third motion *in limine* seeks to exclude any alleged damages from 2019. (Filing No. 127 at 1.) Anderson alleges that Plaintiffs have included no accounting in discovery or other filings accounting for any losses in 2019. *Id.* at 2. Anderson contends that IRCHA was required to submit an accounting for Anderson to review and, by failing to do so for 2019 but still including these amounts in the damages they seek, he is "severely handicapped" in providing his defense. *Id.*

In response, IRCHA makes several arguments. First, IRCHA argues that Anderson, at the time of his resignation, was responsible for IRCHA's record-keeping and purchases. (Filing No. 131 at 2.) IRCHA also contends that, when Anderson resigned, he took various records and correspondences belonging to IRCHA related to those purchases. *Id.* IRCHA asserts that Anderson failed to produce these documents during discovery and cannot now seek to allege insufficient evidence. *Id.* (citing *JKL Components Corp. v. Insul-Reps, Inc.*, 596 N.E.2d 945, 954 (Ind. Ct. App. 1992). IRCHA asserts that it has met its burden in proving damages for these items and that the burden now shifts to Anderson to prove otherwise. *Id.* at 3.

Secondly, IRCHA argues that, in reference to Anderson's request to exclude 2016 from the damages calculations, it has produced a breakdown of the years Anderson allegedly stole from IRCHA. *Id.* IRCHA contends that it has consistently alleged that Anderson stole monies totaling over $70,000.00. *Id.*

Finally, IRCHA argues that it has submitted two exhibits that "clearly show the amount of money Anderson took from [IRCHA]." *Id.* at 4. IRCHA asserts that this includes amounts for 2019. *Id.* Additionally, IRCHA also contends that to extent Anderson wishes to have additional information, he was already in possession of the relevant evidence and failed to produce it during

3

discovery. *Id.* IRCHA also complains that all three of Anderson's motions are unsupported by case law and filed beyond the Court's case management deadlines. *Id.* at 5.

The points of IRCHA are well-taken. As IRCHA correctly points out, all three of these motions are untimely based on the Court's Case Management Order. (Filing No. 18.) Additionally, Anderson had the opportunity to raise each of these issues at the Final Pretrial Conference and failed to do so. (Filing No. 120.) If Anderson seeks to make any additional motions *in* limine prior to trial, he needs to include with the motion his reasons and basis for delay. But even overlooking these deadlines, the Court believes any prohibition on this type of evidence at this stage would be premature. The issue of Anderson's liability on IRCHA's claims is the issue before the Court for trial. The Court cannot decide that issue through a motion without first hearing the evidence and testimony at trial. The same is also true regarding damages. Therefore, these evidentiary rulings must be deferred until trial so questions of foundation, relevancy, and prejudice may be resolved when and if these alleged damages amounts and items are raised. Anderson's motions *in limine* are **denied.**[1]

### III.   CONCLUSION

For the foregoing reasons, the Court **DENIES** Anderson's Motions *in Limine* (Filing No. 122; Filing No. 124; Filing No. 127). An order *in limine* is not a final, appealable order. If the parties believe that specific evidence not excluded by this Order becomes irrelevant or otherwise inadmissible during trial, counsel may object and alert the Court to their reasoning.

**SO ORDERED.**

Date:   7/12/2022

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

---

[1] Although the Court advised the parties that no Reply to these motions was anticipated, Anderson has filed a Reply. (*See* Filing No. 132). The Court has reviewed the Reply and it does not alter the rulings in this entry.

4

Distribution:

CHARLES ANDERSON
8645 Belleau Woods Drive
Chattanooga, TN 37421


William J. Brinkerhoff
JESELSKIS BRINKERHOFF AND JOSEPH LLC
bjbrinkerhoff@jbjlegal.com

MacKenzie Adair Watson
JESELSKIS BRINKERHOFF AND JOSEPH LLC
mwatson@jbjlegal.com